IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANITA SWAIN, f/k/a DANITA HENRY, )
on behalf of plaintiff and the class defined )
herein, )
                                     Plaintiff, )
vs. )
CONVERGENT OUTSOURCING, INC., )
                                    Defendant. )

## COMPLAINT -- CLASS ACTION

### INTRODUCTION

1. Plaintiff Danita Swain, f/k/a Danita Henry brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Convergent Outsourcing, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

1

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant does or transacts business within this District.

## PARTIES

9. Plaintiff Danita Swain, f/k/a Danita Henry is an individual who resides in this District.

10. Convergent is a Washington corporation with principal offices at 800 SW 39th, Strenton, Washington 98057. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

11. Convergent's business activities consist of (a) acting as a collection agency, using the mails and telephone system to collect delinquent debts for others, and (b) acting as a debt buyer, purchasing delinquent debts and using the mails and telephone system to collect them.

12. Convergent states on its website:

> Convergent is one of the largest contingency collection companies in the United States, with leading clients from a wide variety of industries, including banks, financial institutions, retailers, telecommunications companies, cable and satellite service providers and utilities. We are skilled at dealing with debtor resistance to paying their obligations and use proven strategies and collection techniques to encourage voluntary payment in compliance with applicable law, regulation and client policy.

(http://www.convergentusa.com/receivables/service.php?s=32)

13. Convergent is a debt collector as defined in the FDCPA

## FACTS

14. Defendant has been attempting to collect from plaintiff an alleged debt consisting of a balance owed on a checking account. The account was for personal, family or household purposes and not for business purposes.

15. On or about January 9, 2018, Convergent Outsourcing, Inc., sent plaintiff the letter attached as Exhibit A.

16. The statute of limitations applicable to the debt was five years pursuant to 735 ILCS 5/13-205. On information and belief, the account agreement did not provide for acceptance by signature and provided that it may be amended by notice followed by continued use. This is standard industry practice for checking accounts.

17. On January 9, 2018, more than five years had elapsed since the last payment or activity on the account which is the subject of Exhibit A.

18. Exhibit A offers to settle the debt.

19. Plaintiff was damaged in that she was confused and disturbed by the possibility that this old debt was considered legally enforceable.

20. Convergent Outsourcing, Inc., regularly seeks to collect consumer debts.

21. Convergent Outsourcing, Inc., regularly attempts to collect debts on which the statute of limitations has expired.

22. Convergent Outsourcing, Inc., regularly sends letters in the form of Exhibit A on debts on which the statute of limitations has expired.

## COUNT I – FDCPA

23. Plaintiff incorporates paragraphs 1-22.

24. Exhibit A implies that the alleged debt is legally enforceable by offering settlement.

25. Nothing in Exhibit A disclosed that the debt was barred by the statute of limitations and not legally enforceable.

26. It is the policy and practice of Convergent Outsourcing, Inc. to send and cause the sending of letters seeking to collect time-barred debts that do not disclose that the debt is time-barred.

27. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)

28. In early 2012, the FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission)  v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

29. On October 1, 2012,  the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred.  2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004. The orders require that "the Bank shall continue to provide disclosures  concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations . . . ." (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

30. The October 1, 2012 orders further require disclosure of "all material conditions, benefits and restrictions concerning any offer of settlement. . . ." (2012-CFPB-0002, p. 7 of 35,

2012-CFPB-0003, p. 6 of 28). Thus, they recognize that "settlement offers" that fail to disclose material information may be misleading.

31. On January 30, 2013, the FTC issued its report, *The Structure and Practices of the Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/ debtbuyingreport.pdf. The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC-12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

32. The report cites to a study (Timothy E. Goldsmith & Natalie Martin, *Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?*, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

33. Courts have also held that the offer of a settlement on a time-barred debt is misleading. *McMahon v. LVNV, LLC*, 744 F.3d 1010 (7th Cir. 2014); *Buchanan v. Northland Group, Inc.*, 776 F.3d 393 (6th Cir. 2015).

34. Convergent Outsourcing, Inc., engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending consumers letters , such as Exhibit A, offering to settle time-barred debts without disclosure of that fact.

## CLASS ALLEGATIONS

35. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

36. The class consists of (a) all individuals with Illinois addresses (b) to whom Convergent Outsourcing, Inc., (c) sent a letter offering a settlement of a debt (d) consisting of a

balance allegedly owed on a checking account where terms are subject to change on notice (e) on which the last payment or activity by the consumer had occurred more than five years prior to the letter, (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

37. On information and belief, the class and subclass are so numerous that joinder of all members is not practicable.

38. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether a letter offering a settlement violates the FDCPA when sent to collect a time-barred debt.

39. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

40. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

41. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

      i.      Statutory damages;

      ii.      Actual damages, including all amounts paid on time-barred debts;

      iii.      Attorney's fees, litigation expenses and costs of suit;

      iv.      Such other and further relief as the Court deems proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Frances R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman<br>Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)